Eugene G. Iredale, SBN: 75292
Julia Yoo, SBN: 231163
Grace Jun, SBN: 287973
IREDALE and YOO, APC
105 West F Street, Fourth Floor
San Diego, CA 92101-6036
TEL: (619) 233-1525    FAX: (619) 233-3221

Attorneys for Plaintiff JESUS FLORES

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS FLORES<br><br>　　　　Plaintiff,<br>v.<br><br>DARREN PIERSON, ROBERT ROUNDS, NATIONAL CITY, and DOES 1-6,<br><br>　　　　Defendants. | CASE NO.: **'15CV1463 W    DHB**<br><br>**COMPLAINT**<br><br>1. **EXCESSIVE FORCE (42 U.S.C.§1983)**<br>2. **FAILURE TO PROPERLY TRAIN (42U.S.C. §1983)**<br>3. **FAILURE TO PROPERLY SUPERVISE, AND DISCIPLINE (42U.S.C. §1983)**<br>4. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**<br>5. **BATTERY**<br>6. **NEGLIGENCE**<br>7. **CAL. CIVIL CODE § 43**<br>8. **CAL. CIVIL CODE § 52.1**<br><br>**JURY TRIAL DEMANDED** |

COMES NOW, JESUS FLORES, by and through his attorneys of record, and alleges and complains as follows:

**GENERAL ALLEGATIONS**

1. This is an action under 42 U.S.C. § 1983 to redress the deprivation under color of statute, ordinance, regulation, custom or usage of rights, privileges, and immunities secured to the plaintiffs by the Fourth Amendment to the Constitution of the United States.

2. Jurisdiction is founded upon the existence of a federal question, pursuant to 28 U.S.C. §§ 1331.

3. This Court has supplemental jurisdiction over the pendent state law claims under 28 U.S.C. § 1367(a).

4. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Southern District of California because the acts or omissions which form the basis of the Plaintiff's claims occurred in San Diego County, within the Southern District of California.

5. On May 28, 2015, Jesus Flores filed the Notice of Claim with the City of National City in compliance with the California Government Code §800 *et seq*. The claim was rejected on June 8, 2015.

6. Venue is proper in the Southern District of California because the acts or omissions which form the basis of the Plaintiff's claims occurred in National City, California.

**PARTIES**

7. At all times relevant to this complaint, Plaintiff Jesus Flores was an individual residing in San Diego, California.

8. At all times relevant to this complaint, Darren Pierson, Robert Rounds, and Doe Defendants were law enforcement agents and employees of National City, California. They were acting within the scope of their employment at all times relevant to this complaint and acting under the color of law. These

Defendants are sued in their individual capacities.

9. Plaintiff is truly ignorant of the true names and capacities of DOES 1 through 6, inclusive, and will amend this complaint once their identities have been ascertained as well as the facts giving rise to their liability.

10. These defendants were agents, servants and employees of each of the other named defendants and were acting at all times within the full course and scope of their agency and employment, with the full knowledge and consent, either expressed or implied, of their principal and/or employer and each of the other named defendants. Each of the defendants had approved or ratified the actions of the other defendants, thereby making the currently named defendants liable for the acts and/or omissions of their agents, servants and/or employees.

## **FACTS**.

11. Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by reference.

12. At about 5:30 p.m. on Tuesday, March 10, 2015, Plaintiff Jesus Flores was traveling in the National City area.

13. A National City police car drove behind Plaintiff Jesus Flores' car near East Third Street and F Street.

14. The National City police car attempted to pull Plaintiff over for a missing license plate.

15. After a brief period, Mr. Flores pulled to the side of the road.

16. Jesus Flores turned off his car and waited for instruction from the officers.

17. At least two officers approached Plaintiff's car with their guns drawn.

18. The officers commanded Plaintiff to place his hands in view.

19. Plaintiff Jesus Flores placed his arms out the driver's side window of his Honda.

20. Mr. Flores had nothing in his hands. He kept his arms outside the window, and awaited further instruction from the officers.

21. Defendant Darren Pierson, who had been an officer for 17 years at the time of the incident, approached the car with his gun drawn.

22. Defendant Pierson fired his gun at Plaintiff Jesus Flores, who was still sitting in his car with his arms out the window, with nothing in his hands.

23. Mr. Flores had done nothing but sit in his car as ordered, with his hands out of the window.

24. Defendant Pierson's shot struck Plaintiff in his left arm.

25. Plaintiff was transported to UCSD Medical Center where he was treated for his injuries.

## I.
## FIRST CAUSE OF ACTION
### Civil Rights Action (42. U.S.C. § 1983) Excessive Force against Defendant Darren Pierson, Lieutenant Robert Rounds and DOES 1-6.

26. Plaintiff realleges all paragraphs of this complaint and incorporates the same herein.

27. Plaintiff Jesus Flores pulled over as requested by the National City Police.

28. Mr. Flores complied with the officers' directions to place his hands where they could see them.

29. Plaintiff placed both his hands and arms out the driver's side window. Plaintiff's hands were empty.

30. Plaintiff was compliant as he awaited for further instruction from the National City police officers

31. Despite this, Defendants drew their guns and Defendant Pierson fired his gun at Plaintiff.

32. Defendant Pierson shot and injured Plaintiff Jesus Flores without

reason.

33. Jesus Flores did not pose a threat to the officers at any time.

34. Jesus Flores had committed no crime and there was no probable cause to believe that Jesus Flores had committed a crime.

35. Defendants' actions are objectively unreasonable in light of the facts and circumstances confronting them.

36. Defendants were at this time performing their duties as officers for Defendant National City.

37. During the relevant period, Defendants were acting under color and pretense of law, to wit: under color of the statutes, ordinances, regulations, customs and usages of the State of California and National City.

38. The Defendants, separately and in concert, engaged in the illegal conduct to the injury of the Plaintiff, deprived Plaintiff of the rights, privileges and immunities secured to him by the Fourth Amendment to the Constitution of the United States and the laws of the United States. Defendants acted with callous disregard for the constitutionally protected rights of Plaintiff.

39. Plaintiff was subjected to humiliation, fear, and pain and suffering by the illegal acts of Defendants and suffered injuries as a result of the Defendants' actions.

40. Plaintiff is entitled to compensatory damages, punitive damages, attorney's fees under 42 U.S.C. §1988, and such additional relief as the Court deems just.

**II.**
**SECOND CAUSE OF ACTION**
**Civil Rights Action (42. U.S.C. § 1983) Failure to properly Train Against Defendants National City, Robert Rounds and Does 1-6.**

41. Plaintiff realleges all paragraphs of this complaint and incorporates the same herein.

42. Defendants, as a matter of custom, practice and policy, failed to

maintain adequate and proper training as to the constitutional rights of citizens and arresters; to prevent the consistent and systematic arrests without probable cause, and use of excessive force; and to prevent extra judicial punishment by officers.

43. Defendants failed to provide adequate training to their officers on the requirement that citizens only be arrested based on probable cause.

44. Defendants failed to provide adequate training to their officers on the requirement that only reasonable use of force be used.

45. Defendant Rounds was the supervisor of Defendant Pierson and Doe Defendants. Upon information and belief, Rounds knew of the previous unconstitutional acts of Pierson and Doe Defendants and took no action to train his subordinates.

46. Defendant National City was aware of the unconstitutional acts of Pierson and Doe Defendants and took no action to train its officers on the legal basis to detain a citizen and on the proper use of force.

47. These Defendants, with deliberate indifference, disregarded a duty to protect the public from official misconduct.

48. The failure to promulgate or maintain constitutionally adequate training was done with deliberate indifference to the rights of plaintiff and others in his position.

49. As a result of the lack of proper training, Pierson and Doe 1 drew their firearms in approaching an unarmed man who was complying with their commands.

50. As a result of the lack of proper training, Defendant Pierson shot an unarmed man who was complying with orders.

51. The constitutionally infirm lack of adequate training as to the officers was a substantial factor in causing plaintiff's damages.

52. As a result of Defendants' actions, Plaintiff suffered physical and psychological harm.

# III.
# THIRD CAUSE OF ACTION
## Civil Rights Action (42. U.S.C. § 1983) Failure to Properly Supervise and Discipline Against Defendants Robert Rounds, National City, and Does 1-6.

53. Plaintiff reallege all prior paragraphs of this complaint and incorporates the same herein.

54. National City, as a matter of custom, practice and policy, failed to supervise their officers to prevent, deter and punish the unconstitutional and excessive use of force.

55. Upon information and belief, the defendants knew or should have known of the Constitutional violations committed by their officers but failed to correct their abuse of authority or discourage their unlawful use of authority.

56. Officials of the National City Police Department failed to take appropriate steps to supervise or discipline individual officers who used unnecessary and excessive force during arrests.

57. Defendant Robert Rounds was made aware of the unconstitutional acts of Pierson and Doe Defendants. Rounds took no action to supervise his subordinates.

58. To the contrary, defendants Rounds and National City condoned and acquiesced to the abusive behavior of their officers by refusing to retrain them, discipline them, or correct their abusive behavior.

59. Upon information and belief, National City did not discipline Defendant Pierson and Doe Defendants for their unconstitutional treatment of Jesus Flores.

60. Upon information and belief, Defendant National City awarded Defendant Pierson a Public Service Award less than two months after he shot Plaintiff Jesus Flores.

61. Defendants were, or should have been, aware that the policy

regarding supervision and discipline of officers who violated the civil rights of the citizens and commit assault and battery was so inadequate that it was obvious that a failure to correct it would result in further incidents of dangerous and lawless conduct perpetrated by their officers.

62. As a result of National City's failure to properly supervise and discipline its officers, Defendant Pierson shot an unarmed man who was complying with officer commands.

63. The lack of adequate supervision and discipline was a substantial factor in causing Plaintiff Jesus Flores' damages.

64. As a result of Defendants' actions, Jesus Flores suffered physical and psychological injuries.

## VI.
## FOURTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress against Defendants Darren Pierson, National City, and DOES 1-6.

65. Plaintiff realleges all paragraphs of this complaint and incorporate the same herein.

66. By engaging in the acts alleged herein, Defendants engaged in outrageous conduct with an intent to or a reckless disregard of the probability of causing Plaintiff to suffer emotional distress.

67. Defendant National City is also liable for the conduct of its employees through *respondeat superior* and Cal. Gov. Code § 815.2.

68. As a direct, proximate and foreseeable result, Plaintiff suffered severe emotional distress and the outrageous conduct was the cause of the emotional distress suffered by Plaintiff.

69. The conduct of Defendants amounts to oppression, fraud or malice and punitive damages should be assessed against Defendants for the purpose of punishment and for the sake of example.

## V.
## FIFTH CAUSE OF ACTION
**Battery against Defendant Pierson, National City and DOES 1-6.**

70. Plaintiff realleges all paragraphs of this complaint and incorporates the same herein

71. Defendants acted with an intent to cause harmful or offensive contact with the Plaintiff and the intended harmful or offensive conduct did in fact occur.

72. The harmful or offensive contact was not privileged nor consented to.

73. As a result of Defendants' intent to cause harmful or offensive contact with the Plaintiff and the fact that the intended harmful or offensive contact did in fact occur, Plaintiff has suffered damages according to proof at the time or trial.

74. Defendant National City is also liable for the conduct of its employees through *respondeat superior* and Cal. Gov. Code § 815.2.

75. Defendants' conduct also amounts to oppression, fraud, or malice and punitive damages should be assessed against them for the purpose of punishment and for the sake of example

## VI.
## SIXTH CAUSE OF ACTION
**Negligence against Defendant Pierson, National City, and DOES 1-6.**

76. Plaintiff realleges all paragraphs of this complaint and incorporates the same herein.

77. Defendants had a duty to Plaintiff to act with ordinary care and prudence so as not to cause harm or injury to another.

78. By engaging in the acts alleged herein, the Defendants failed to act with ordinary care and breached their duty of care owed to Plaintiff.

79. Defendant National City failed to act with ordinary care in failing to properly train and supervise their officers.

80. Defendant National City is also liable for the conduct of its employees through *respondeat superior* and Cal. Gov. Code § 815.2.

81. As a direct, proximate, and foreseeable result of defendants' breach of their duty of care, Plaintiff suffered damages in an amount according to proof at the time of trial.

## VII.
## SEVENTH CAUSE OF ACTION
**Violation of California Civil Code § 43 against Defendants Pierson, National City, and DOES 1-6**

82. Plaintiff realleges all prior paragraphs of this complaint and incorporate the same herein.

83. Civil Code section 43 provides, in part:

> "...every person has, subject to the qualifications and restrictions provided by law, the right of protection from bodily restraint or harm, from personal insult, from defamation, and from injury to his personal relations."

84. By engaging in acts alleged above, Defendants violated Mr. Flores' rights of protection from bodily restraint or harm.

85. Defendant National City is liable under for the conduct of its employees under *respondeat superior* and Cal. Gov. Code § 815.2.

86. Due to the violation of Plaintiff's rights by Defendants, Plaintiff suffered economic damages and non-economic damages, including, but not limited to, emotional distress, pain and suffering, medical expenses and fear caused by the acts complained of herein according to proof at the time of trial.

87. The conduct of Defendants also amounts to oppression, fraud or malice within the meaning of Civil Code § 3294 et seq. and punitive damages should be assessed against hin for the purpose of punishment and for the sake of example.

## EIGHTH CAUSE OF ACTION
**Violation of California Civil Code § 52.1 against Defendant Pierson, National City, and DOES 1-6**

88. Plaintiff realleges all paragraphs of this complaint and incorporates the same herein.

89. The California Legislature has declared that it violates our state civil

rights act for any person to interfere with the exercise or enjoyment by any individual of his rights secured by the United States Constitution or state or federal law. This includes any interference of these rights by threats, intimidation, coercion or attempted threats, intimidation or coercion.

90. Defendant Pierson violated Jesus Flores' rights, including, but not limited to, Plaintiff Flores' statutory right under Civil Code § 43 to be free of bodily harm, and did so with coercion and intimidation when Defendant Pierson engaged in the acts alleged above.

91. Defendant National City is liable under for the conduct of its employees under *respondeat superior* and Cal. Gov. Code § 815.2.

92. Due to the violation of Plaintiff's rights by all Defendants, Plaintiff suffered economic damages and non-economic damages, including, but not limited to, emotional distress, pain and suffering, fear and death caused by the acts complained of herein according to proof at the time of trial.

93. Plaintiff is also entitled to the statutory civil penalties set forth in Civil Code Section 52, attorneys' fees and costs of suit incurred herein.

94. The conduct of Defendants also amounts to oppression, fraud or malice within the meaning of civil code section 3294 et seq. and punitive damages should be assessed against each non-municipal defendant for the purpose of punishment and for the sake of example

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for a judgment as follows:

1. Entering judgment for compensatory general and special damages in an amount in accordance with proof.

2. Entering judgment for exemplary damages against Defendants in an amount sufficient to punish and to make an example of said Defendants, and to deter said Defendants and others from engaging in similar conduct.

3. Awarding reasonable attorney's fees, expenses, and costs of suit.

4. Granting such other and further relief as the Court deems proper.

**DEMAND FOR JURY TRIAL**

Pursuant to the Seventh Amendment of the United States Constitution and Rule 38, Federal Rules of Civil Procedure, Plaintiff demands a jury trial.

Dated: July 2, 2015

Respectfully submitted,

IREDALE AND YOO, APC

*S/ Eugene Iredale*
_____
EUGENE IREDALE
JULIA YOO
GRACE JUN
Attorneys for Plaintiffs